**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REBECCA PORTILLO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada, OFFICER JOHN NORMAN, individually and in his official capacities as a police officer employed by the Las Vegas Metropolitan Police Department; DOE OFFICERS I–XX; and ROES I–X,<br><br>　　　　Defendants. | Case No.: 2:13-cv-01109-JAD-PAL<br><br>**Order Denying Motion to Dismiss**<br>**[Doc. 15]** |

　　This civil-rights action arises out of alleged improper force and coercion in an arrest of plaintiff Rebecca Portillo by the defendant John Norman while he acted in his official capacity as an officer of the Las Vegas Metropolitan Police Department.[1]  Defendant John Norman moves to dismiss the complaint without prejudice based on a Rule 4(m) failure to timely serve unless Plaintiff shows good cause as to why service was not made in the required period.[2]  The Court finds this motion appropriate for resolution without oral argument.[3]  Having considered the record and relevant law, the Court denies the motion to dismiss because any delay in service was insignificant and has caused Norman no prejudice.[4]

---

[1] Doc. 1 at 1–2.

[2] Doc. 15 at 3.

[3] LR 78-2.

[4] The Court liberally construes all pro-se motions and pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Norman states that the complaint was filed June 23, 2013, and that he was not served until December 18, 2013.[5] Portillo argues that timely service was satisfied because Norman was actually served on August 13, 2013 when he resided at the Clark County Detention Center in Las Vegas, Nevada.[6] Portillo argues that on August 13, 2013, a copy of the summons and complaint "was delivered to Officer Edward Martin, 'an agent authorized by law to receive service of process' on behalf of inmates residing at the Clark County Detention Center."[7] Portillo states that Norman mistakenly believed that the service on December 18, 2013, was the first service of process—and that instead these were simply courtesy copies provided to Norman.[8]

Federal Rule of Civil Procedure 4(m) states that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m) gives the court broad discretion to extend service of process time if a plaintiff shows good cause.[9] "A court may retroactively grant such an extension after the 120-day period has expired."[10] When extending service under Rule 4(m) district courts may consider "a statute of limitation bar, prejudice to the defendant, actual notice of a lawsuit, and eventual notice."[11] The Ninth Circuit looked in *Efaw v. Williams* at the length of the delay of

---

[5] Doc. 15 at 2.

[6] Doc. 18 at 1.

[7] Doc. 18 at 2 (quoting Fed. R. Civ. P. 4(e)(2)(C)).

[8] Doc. 18 at 3.

[9] *Mann v. Am. Airlines*, 324 F.3d 1088, 1090–91 (9th Cir. 2003); s*ee also* Fed. R. Civ. P. 4(m).

[10] *Efaw v. Williams*, 473 F.3d 1038, 1042 (9th Cir. 2007) (Fletcher, J., dissenting) (citing *Mann v. Am. Airlines*, 324 F. 3d 1088, 1090 (9th Cir. 2003)).

[11] *Id.* at 1041 (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

service, the actual notice of the lawsuit, and the prejudice to the defendant.[12]

Even assuming arguendo that Norman was first properly served in December, the court can find service proper under Rule 4(m).[13]  The facts in this case weigh heavily in favor of denying this motion.  If Norman was originally served in December, service of process was just one month late, which is insignificant given that this delay in service does not prejudice Norman, and the court retroactively grants an extension of time for service.  Norman now has actual notice of the suit against him and has ample time in which to respond, as evidenced in part by the fact that he filed an answer in January 2014.[14]

### Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant John Norman's Motion to Dismiss **[Doc. 15] is denied.**

DATED: July 11, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[12] *Id.* at 1041.

[13] The Court notes the unusual fact that the summons that Norman attached was not entered into the reporting system by the court clerk. Doc. 15 at 5. Additionally, the summons Norman attached can be found online, but it is slightly different from the summons the Clerk of Court for this district issues.

[14] Doc. 17.